RAMÍREZ, PLAINTIFF AND APPELLANT, v. RAMÍREZ ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action
for Provisional Support.

No. 2492.—Decided March 16, 1922.

SUPPORT—LEGITIMATED CHILD.—A legitimated child has a right to seek support
of its grandparents.

The facts are stated in the opinion.
Mr. A. L. López for the appellant.
Mr. J. Vendrell for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant, made legitimate by the subsequent mar-
riage of her parents, and setting forth that her father and
the maternal grandparents were unable to assist, sought sup-
port of her paternal grandfather.

Almost instinctively one would say that a child, born out
of wedlock, but made legitimate by the subsequent marriage
of its parents, would have all the rights and privileges of
a legitimate child, and hence that if a legitimate child had
a right to seek support of its grandparents, so would the
appellant.  The court below, however, took section 213 of the
Civil Code as the sole lex scripta applicable and held that
such a legitimated child was limited to seek support of its
parents or of its descendants.  Section 213 is as follows:

"Sec. 213.—The following are obliged to support each other,
within the full meaning of the preceding section:
"1. Husband and wife.
"2. Legitimate ascendants and descendants.
"3. Parents and legitimatized children and the descendants of
the latter.
"4. Parents and illegitimate children, and the legitimate descend-
ants of the latter.
"5. The adopter and the person adopted, excepting the provi-
sions of section 206.
"Brothers and sisters also owe to their legitimate brothers and

sisters, even when only on the mother's or the father's side, the aid necessary to maintain their existence, when through a physical or mental defect or for any other cause not the fault of the person requiring support, the said person cannot provide for himself. With such support are included the expenses necessary for the elementary education and teaching of a profession or trade.''

If section 213 is the sole law applicable, then, under the principle of *expressio unius exclusio alterius est,* the court below was right.

The appellant carries us back to the Spanish Civil Code to show that historically no such construction may be followed, and section 143 of that Code is as follows:

"Art. 143.—The following are obliged to mutually support each other to the full extent fixed in the preceding article:

"1. The spouses.

"2. Legitimate ascendants and descendants.

"3. Parents and children legitimized by royal concession and the legitimate descendants of the latter.

"4. Parents and acknowledged natural children and the legitimate descendants of the latter, etc.''

Under the section as written, in Spain, following the same line of reasoning, a child made legitimate, not by royal decree, but solely by the subsequent marriage of its parents, would have no right of support, even of its parents, inasmuch as such a child is not mentioned therein. The right of such a child, however, to seek support of its parents did not spring from section 143, as if declared for the first time, but because by section 122 of the Spanish Civil Code a child, like the appellant, had the same rights as a legitimate child.

Sections 193 and 194 of the Civil Code of Porto Rico, as passed in 1902, provided:

"Section 193. Children born out of wedlock may be legitimatized by the subsequent marriage of their parents, if under the law they may contract marriage, or in the manner authorized in this Code.

"Section 194. Children legitimatized by subsequent marriage, or

as authorized in this Code, shall have the same rights and duties as legitimate children.''

These two sections were repealed by Act No. 73 of March 9, 1911, and two other sections substituted as follows:

''Section 188. The legitimation of natural children shall be accomplished by the subsequent wedlock of the parents.

''Section 189. Legitimatized children shall enjoy the same rights as the legitimate children.''

The appellees maintain that as section 213, passed in 1902, specifically refers to the rights of legitimatized children and including acknowledged illegitimate children, if the Legislature had wished to give legitimatized children the same rights as legitimate children, it would have repealed section 213. Section 189, as amended, does not mention ''duties'' as did repealed section 194, but the word ''rights'' is there. Whether or not grandchildren have a duty to support their grandparents is another and independent question, but supposing they have not, it is *casus omissus*. We think the intention of the Legislature was clear that children made legitimate by subsequent marriage should have the same rights as legitimate children. *Lex scripta est.* There is no real inconsistency, because now, as in the period between 1902 and 1911 and before that time by express provisions of law, children made legitimate by the subsequent marriage of their parents had the same rights as legitimate children. Section 213 was simply a declaration of the Legislature that did not cover the whole field of ''rights'' of children made legitimate. If there were any doubt it was because between 1902 and 1911 there were other children who could be legitimatized, namely by solemn act of a father alone. In 1911, however, an intention was revealed to restore the children merely acknowledged to the condition that existed before 1902, and we have recognized a similar intention in the case of *Celis Alquier* v. *Méndez,* 18 P. R. R. 90. We hold, however, that at any time

despite the provisions of section 213 that a natural child born out of wedlock whose parents married was to be considered legitimate.

The court thought the evidence showed that the father of the child could contribute to the support and for this reason also dismissed the complaint.

The father, there was proof tending to show, is earning $20 a month working in Caguas. He is also a boy going to school. There is some doubt in our minds as to whether the sum of $20 which this youth is said to earn is at all permanent, especially as he is going to school. At any rate, we think the court's action was influenced by an incorrect interpretation of the law and that the court may be relied on to do justice between the parties. We are of the opinion that the grandfather, if he has adequate means and the grandchild really needs it, should be made to contribute something, if this youth, the father, is genuinely receiving $20 a month away from home, but as this sum to be awarded would be variable within the sound discretion of the court, we shall send the case back for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.